IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                            )<br>           Plaintiffs,                         )<br>                                                            )<br>    v.                                                  )<br>                                                            )<br>EMANUEL CARLOS CAMACHO,  )<br>RANDY A. KNAUB, JEFFREY        )<br>LEONARD ROMERO,                      )<br>                                                            )<br>           Defendants.                     )<br>                                                            )<br>                                                            ) | 4:05CR3138<br><br><br>MEMORANDUM AND ORDER ON<br>PENDING MOTIONS FOR JUDGMENT<br>OF ACQUITTAL OR FOR NEW TRIAL |

A trial to a jury resulted in the conviction of each of the defendants of conspiracy to distribute one or more controlled substances. Emanuel Carlos Camacho was found guilty of conspiracy to distribute cocaine of less than 500 grams and a detectable amount of marijuana. Randy A. Knaub was found guilty of conspiracy to distribute less than 500 grams of cocaine and a detectable amount of marijuana. Jeffrey Leonard Romero was found guilty of conspiracy to distribute a detectable amount of marijuana. Each defendant has filed pursuant to Rules 29(c) and 33 of the Federal Rules of Criminal Procedure Motions for Judgment of Acquittal or for a New Trial.

The standard for treatment of a Motion for Judgment of Acquittal is stated in the recent decision of *United States v. Johnson*, 474 F.3d 1044 (8th Cir. 2007) at p. 1048:

> Under Federal Rule of Criminal Procedure 29, a district court shall enter a judgment of acquittal if the evidence presented at trial is insufficient to sustain a conviction. A district court must consider a motion for judgment of acquittal with "very limited latitude" and must neither assess the witnesses' credibility nor weigh the evidence. *United States v. Thompson*, 285 F.3d 731, 733 (8th Cir. 2002)(quotation omitted). Rather, the district court must view the evidence in the light most favorable to the government, resolving evidentiary conflicts in the government's favor and accepting all reasonable inferences drawn from the evidence supporting the jury's verdict. *Id.* "The jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable-minded jury to conclude guilt beyond a reasonable doubt." *Id.*

Conviction for conspiracy to distribute controlled substances requires proof beyond a reasonable doubt of three elements: (1) an agreement to achieve some illegal purpose, (2) knowledge by the defendant of the agreement, and (3) knowing participation by the defendant in the conspiracy. *United States v. Nambo-Barajas*, 338 F.3d 956, 960-961 (8th Cir. 2003).

Doug Yoder and Lindsey Yoder, who were married to each other, were the principal witnesses in the two-week trial. Both were deeply involved in drug use and distribution and were shown by sufficient evidence to have been co-conspirators in drug distribution with at least Emanuel Camacho, Phillip Camacho, Jeffrey Leonard Romero, and Randy Knaub.

Doug Yoder in his drug dealings became indebted to Emanuel Camacho for about $700. In finding a way to pay off that indebtedness, as well as obtain money for living expenses, Doug Yoder made four trips from Greeley, Colorado, to Lincoln, Nebraska, each involving delivery of drugs. Accepting all reasonable inferences from the evidence supporting the jury's verdict, viewing the evidence in the light most favorable to the government, and resolving evidentiary conflicts in the government's favor, it is apparent that the evidence was sufficient to permit a reasonable-minded jury to conclude guilt beyond a reasonable doubt of the conspiracy charge.

Each of the motions for judgment of acquittal contained in filings 226, 229, and 234, is to be denied.

The standard for considering a motion for a new trial appears in Rule 33(a) of the Federal Rules of Criminal Procedure, which provides:

> Upon the defendant's motion, the court may vacate any judgment and a grant a new trial if the interest of justice so requires . . .

The court in *United States v. Johnson*, 474 F.3d 1044 (8th Cir. 2007), previously quoted, explains at page 1050-1051:

> However, motions for new trials based on the weight of the evidence generally are disfavored, and the district court's authority to grant a new trial should be exercised sparingly and with caution. (Citing *United States v. Campos*, 306 F.3d at 579). The jury's verdict must be allowed to stand unless "the evidence weighs heavily enough against the verdict [such] that a miscarriage of justice may have occurred. '*United States v. Lacey*, 219 F.3d 779, 783 (8th Cir. 2000)(quotation omitted). In determining whether a defendant is entitled to a new trial, the district court "may weigh the evidence and so doing evaluate for itself the credibility of the witnesses." (Citing *United States v. Walker*, 393 F.3d at 847).'"

After judging for credibility supported by wire transfers of money, records of telephone calls between the co-conspirators, the findings of a search of a motel room, and other documentation and testimony I conclude that the jury was justified in accepting in large measure the testimony of Mr. and Mrs. Yoder. The evidence as a whole did not weigh sufficiently heavy against the verdict to indicate that a serious miscarriage of justice may have occurred. Accordingly, the motion for new trial is to be denied.

IT IS ORDERED that:

1. the defendant Emanuel Carlos Camacho's Motion for Judgment of Acquittal and Motion for New Trial, filing 229, are denied;

2. the defendant Randy Knaub's Renewed Motion for Judgment of Acquittal or for New Trial, filing 234, is denied; and

3. the defendant Romero's Motion for Judgment of Acquittal or in the Alterative for New Trial, filing 226, is denied.

Dated April 4, 2007.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge